# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30409
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2018

Lyle W. Cayce
Clerk

JORGE BRIONES,

> Petitioner - Appellant

v.

FEDERAL BUREAU OF PRISONS,

> Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1172

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Briones, federal prisoner # 60871-054 and proceeding *pro se*, appeals the denial of his claim under 28 U.S.C. § 2241, which challenged the punishment imposed by a disciplinary hearing officer (DHO), following his disciplinary conviction, for possession, manufacture, or introduction of a hazardous tool, namely a cell-phone charger, in violation of 28 C.F.R. § 541.3. His punishment included 60 days of disciplinary segregation, a disallowance of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

41 days of good-conduct time, forfeiture of 270 days of non-vested good conduct time, a $180 fine, and a one-year loss of visitation and telephone privileges. He claims his punishment was disproportionately harsh, considering his claimed minor offense.

Briones does not challenge, *inter alia*: the district court's determination the disciplinary proceedings comported with the standards of *Wolff v. McDonnell*, 418 U.S. 539, 560–66 (1974); its conclusion many of Briones' punishments did not implicate a liberty interest under the Due Process Clause, pursuant to *Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir. 1997), and *Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000); or the DHO's description of his cell-phone charger as a "cell phone", when determining his punishment. Therefore, he has abandoned any such challenges. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

The Code of Federal Regulations' classification of his offense among those given the "greatest severity level", does not support Briones' characterization of his offense as minor. 28 C.F.R. § 541.3 (Table 1). Also, although he contends his punishment was too severe and other offenders receive less severe punishments, his punishment is within the range authorized by the regulation. *Id.* He has, therefore, failed to establish a constitutional or federal law violation, as required by 28 U.S.C. § 2241(c)(3).

AFFIRMED.